IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PAUL DUDLEY, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:23CV679<br>1:20CR412-1 |

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a Motion (Docket Entry 99) to vacate, set aside, or correct his sentence together with a Memorandum Defendant (Docket Entry 100). Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Petitioner lists a single ground for relief in his Motion in which he argues that prior drug convictions from South Carolina which were used as predicate offenses to enhance his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), were not proper predicates because they "could have been committed through incohate [sic] conduct so [they] aren't serious drug offenses" as required under the ACCA. (Docket Entry 99, § 12, Ground One.) The ACCA requires a mandatory minimum of fifteen years of imprisonment for persons who violate 18 U.S.C. § 922(g)(1) after having three prior convictions for "a violent

felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Pertinent to this case, a "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). As reflected in an Exhibit attached to Petitioner's Memorandum and the Presentence Report, Petitioner received an enhanced sentence in this Court based on convictions where Petitioner was charged under S.C. Code § 44-53-375 with distribution of cocaine base but pled guilty to the lesser included offense of distribution of cocaine under S.C. Code § 44-53-370. (Docket Entry 100, Ex. A; Docket Entry 39, ¶¶ 48 and 54.) Petitioner, relying on United States v. Campbell, 22 F.4th 438 (4th Cir. 2022), argues that his convictions cannot be "serious drug offenses" under the ACCA because the South Carolina statute in question can be violated by attempted distribution offenses and such offenses do not qualify as predicates under the ACCA. He also indicates in his Memorandum that his attorney provided ineffective assistance by failing to recognize this.

Petitioner's claim fails for two reasons. First, Campbell did not involve the definition of "serious drug offense" under the ACCA, but instead discussed the definition of "controlled substance offense" found in USSG § 4B1.2. The court in Campbell concluded that the definition of "controlled substance offense" did not include attempted offenses and, therefore, held that a West Virginia drug statute criminalizing the attempted delivery of drugs could not categorically be a crime involving actual distribution under the sentencing

-2-

guideline in question in that case. Campbell, 22 F.4th at 441-42. However, the ACCA definition of "serious drug offense" is read broadly and includes attempted distribution. United States v. Williams, 468 F. App'x 343, 346-47 (4th Cir 2012) (citing cases). This fact alone defeats Petitioner's claim.

Second, after Campbell, but before Petitioner's current filing, the United States Court of Appeals for the Fourth Circuit decided United States v. Davis, ___ F. 4th ___, 2023 WL 4876392 (4th Cir. Aug 1, 2023), in which a defendant argued based on Campbell that S.C. Code § 44-53-375 can be violated by attempted distribution. That statute draws its definition of "distribution" from S.C. Code § 44-53-110(17) which states that it "means to deliver (other than by administering or dispensing) a controlled substance." "Deliver," in turn is defined by S.C. Code § 44-53-110(10) and includes "the actual, constructive, or attempted transfer of a controlled drug or paraphernalia." Although "attempted transfer" is included in the definition of "deliver," the Fourth Circuit reasoned in Davis that an attempted transfer is a completed delivery which, in turn, is a completed, as opposed to attempted, distribution. Davis, 2023 WL 4876392 at *11. Therefore, the term "distributes" in S.C. Code § 44-53-375 refers only to completed distribution offenses and satisfies the definition of "controlled substance offense" in USSG § 4B1.2. Petitioner's statute of conviction, S.C. Code § 44-53-370, relies on the same definitions, which means that even if the ACCA required completed distribution predicates, Petitioner's convictions are such predicates. Petitioner's sentencing enhancement was proper, his attorney did not provide ineffective assistance by failing to raise an incorrect argument under Campbell, and the Petition should be dismissed.

-3-

Case 1:20-cr-00412-TDS    Document 101    Filed 08/23/23    Page 3 of 4

In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (Docket Entry 99) to vacate, set aside or correct sentence be denied, that judgment be entered dismissing the action, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 23rd day of August, 2023.

                                          /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                              **United States Magistrate Judge**